**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **TERENCE JAMES ALOST** | **CASE NO. 5:19-CV-01504** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DESOTO REGIONAL HEALTH SYSTEM FOUNDATION, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

On November 19, 2019, Terrence James Alost, acting pro se, filed the instant qui tam action[1] on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729, et seq., plus fourteen other states under their equivalent laws, against defendants, DeSoto Regional Health System Foundation; Emergency Staffing Solutions, Inc.; Hospital Care Consultants, Inc.; Todd Eppler; and Shelly Stewart. (Compl.).

On January 23, 2020, the court ordered plaintiff/relator to enroll counsel to prosecute this matter because he was not permitted to bring an action or suit on behalf of another party. [doc. # 2]. The court cautioned plaintiff that if he failed to do so, then it intended to dismiss the representative capacity claims, without prejudice. *Id*. The undersigned further emphasized that if the court dismissed the qui tam allegations, and plaintiff still wished to prosecute any remaining individual capacity claims that he may have against one or more defendants, then, he had to amend his complaint to set forth a basis for the court to exercise subject matter jurisdiction over those claims, together with requisite supporting facts. *Id*. Absent timely

---

[1] "'Qui tam' is an abbreviation for *qui tam pro domino rege quam pro se ipso in hac parte sequitur*, which means 'who as well for the king as for himself sues in this matter.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 184 (5th Cir. 2009) (citation omitted).

amendment to establish an independent jurisdictional basis for plaintiff's individual capacity claims, then those claims were subject to dismissal, without prejudice, for lack of jurisdiction. *Id*.

On February 5, 2020, plaintiff filed an amended pro se complaint, ostensibly to set forth a basis for the court to exercise subject matter jurisdiction over his personal capacity claims. *See* Amend. Compl. [doc. # 4]. Two weeks later, on February 14, 2020, counsel enrolled on behalf of the plaintiff/relator. [doc. # 6].

On, or about September 3, 2020, the United States and the State of Louisiana notified the court of their decision not to intervene in this action. [doc. # 10]. On September 18, 2020, the United States further notified the court of its consent to the dismissal of this suit, without prejudice to the rights of the United States. [doc. # 13].

On October 6, 2020, the court permitted the law firm of Simien and Simien, L.L.C. to withdraw as counsel on behalf of the relator. [doc. # 19]. Because plaintiff was proceeding in a representative capacity in this qui tam suit, the court ordered plaintiff to enroll new counsel within the next 30 days. *Id*. To date, however, plaintiff has not responded to the latest order and deadline.

**Law and Analysis**

The False Claims Act authorizes civil suits brought by both the "Attorney General and by private persons, termed relators, who serve as a 'posse of ad hoc deputies to uncover and prosecute frauds against the government.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 184 (5th Cir. 2009) (citation omitted). It is manifest, however, that a non-lawyer, pro se litigant, such as plaintiff, may not bring a qui tam action or other suit on behalf of another party. *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 357 (5th Cir.2017); *see also Doe v. Yackulic*, No. 18-

084, 2019 WL 1301998, at *5 (E.D. Tex. Feb. 19, 2019) (and cases cited therein), *R&R adopted*, 2019 WL 1299364 (E.D. Tex. Mar. 21, 2019), *appeal dismissed*, 19-40462, 2019 WL 5931768 (5th Cir. July 22, 2019).

Under Rule 11, every pleading . . . must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. Fed.R.Civ.P. 11(a). The court must strike an unsigned paper unless the omission is promptly corrected after being called to the party's attention. *Id*.

Here, although counsel enrolled on behalf of the relator, at least for a period of time, there is no indication that counsel ever signed the complaint or an amended complaint that included the qui tam allegations. Accordingly, the qui tam allegations set forth in the complaint, as amended, must be stricken.

Once the qui tam allegations are stricken, they cannot serve as a basis to establish the court's subject matter jurisdiction. The court also does not discern any independent jurisdictional grounds to entertain plaintiff's personal claims for lost wages and hotel expense reimbursement.[1] Typically, such a claim arises under state law and is cognizable in federal court pursuant to the court's diversity jurisdiction, 28 U.S.C. § 1332, which requires complete diversity of citizenship between plaintiff and defendants, and an amount in controversy that exceeds $75,000.

Here, at minimum, the amended complaint suggests that plaintiff, Terence Alost, and

[1] Federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

defendants, DeSoto Regional Health Systems Foundation and Todd Eppler, are all Louisiana citizens. (Amend. Compl., ¶¶ 17-22). Furthermore, plaintiff's claims for hotel expenses and lost compensation appear to total under $10,000. *See* Amend. Compl., ¶ 91.

Insofar as the stricken qui tam allegations might support supplemental jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).

For these reasons,

IT IS RECOMMENDED that the qui tam allegations set forth in the complaint, as amended, be STRICKEN. Fed.R.Civ.P. 11.

IT IS FURTHER RECOMMENDED that any remaining personal/individual capacity claims be DISMISSED, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

Under the provisions of 28 U.S.C. '636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party=s objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY=S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN**

**ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 10th day of November 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE